Zimmerman, acting C. J.
Appellant in case No. 37037, The Shonp Voting Machine Corporation, herein referred to as Shoup, seeks reversal of that part of the decision of the Board of Tax Appeals affirming an order of the Tax Commissioner assessing a personal property tax for the years 1957, 1958 and 1959 on certain voting machines located in Ohio and owned by Shoup. In case No. 37038, the Tax Commissioner prosecutes a separate *480 appeal and seeks a reversal of the decision of the Board of Tax Appeals so far as it removes the additional charge imposed by him against Shonp under Section 5711.27, Revised Code, for failure to file tax returns on such personal property for the years 1956, 1957 and 1958. Returns were eventually filed on September 9, 1958.
As concerns case No. 37037, it appears from the record that Shoup is a New York corporation licensed to do business in Ohio and is engaged exclusively in marketing and selling voting machines used in governmental elections and manufactured for it by a manufacturing concern in Canton, Ohio, under patents held by Shoup and with tools, dies and jigs supplied by it. The manufacturing concern shipped the completed machines either directly to customers of Shoup on its order from New York or to an independent warehouse in Akron, Ohio, for storage. In issue here are the machines in storage on which the Ohio tax assessment was made.
At the times involved, Shoup maintained its place of business in New York city, a service department in Philadelphia and a statutory office in Cleveland at which latter place it had no employees. At the manufacturing plant in Canton, Shoup employed from two to five persons engaged in inspecting the machines produced there. All orders for the machines were accepted or rejected at the main office in New York city, and all accounts, records, etc., were kept there. Shoup had no salesmen or showrooms in Ohio or elsewhere, and the machines were sold or leased with options to purchase by orders coming to the New York office. On directions from Shoup’s New York office, the machines were shipped from the storage warehouse to the purchasers or lessees thereof in and out of Ohio and were kept at the warehouse for such disposition. The Akron warehouse was the exclusive storage place for Shoup’s machines during the period involved here, and the machines in controversy were not listed for taxation in any other state.
It is the contention of Shoup, which contention was rejected by both the Tax Commissioner and the Board of Tax Appeals, that the voting machines stored in the independent warehouse at a location different from the place where manufactured were not “used in business” in Ohio by Shoup, which was domiciled *481 in New York, and were, therefore, not taxable as tangible personal property in Ohio.
Section 5709.01, Revised Code, provides in part:
“* * * All personal property located and used in business in this state * * * are subject to taxation, regardless of the residence of the owners thereof.”-
So far as pertinent here, Section 5701.08, Revised Code, defines the term, “used in business,” as follows:
“(A) Personal property is ‘used’ within the meaning of ‘used in business’ when employed or utilized in connection with ordinary or special operations, when acquired or held as means or instruments for carrying on the business * * * or when stored or kept on hand as material, parts, products, or merchandise; * * * merchandise * * * shipped from outside of this state and held in this state in a warehouse or a place of storage * * * for shipment outside of this state are not used in business in this state.”
Here, the voting machines were manufactured in Ohio and were sometimes shipped on order of Shoup directly from the manufacturing plant to Shoup’s customers. Those completed machines sent to the Akron warehouse from the manufacturing plant did not repose there in dead storage but represented Shoup’s active stock in trade upon which it drew as needed to fill the orders received by it. And the fact that its orders came initially to the New York office and were handled from there is of no controlling significance. The merchandise was manufactured and kept in Ohio and issued from Ohio as a principal part of Shoup’s business activities. We think the situation comes clearly within the principle announced in the syllabus of Joslyn Mfg. & Supply Co. v. Bowers, Tax Commr., 170 Ohio St., 575, 167 N. E. (2d), 349, which states:
“Personal property held in Ohio pending shipment directly to customers is not held ‘for storage only’ within the meaning of Section 5701.08, Revised Code, and is subject to taxation as property used in business in Ohio regardless of whether such shipment upon order by customers is to points inside or outside Ohio.”
And see the latter part of the syllabus in Grinnell Corp. v. Bowers, Tax Commr., 167 Ohio St., 267, 147 N. E. (2d), 657.
*482 Under the circumstances, Shoup’s contention that the voting machines at the Akron warehouse were not used by it in business in Ohio is not tenable, and the decision of the Board of Tax Appeals holding such merchandise taxable is neither unreasonable nor unlawful.
As to case No. 37038, the appeal of the Tax Commissioner, Section 5711.27, Revised Code (as amended and effective in September, 1957), recites in its pertinent parts:
“No taxpayer shall fail to make a return within the time prescribed by law * * * nor fail to list in a return * * * any item of taxable property which he is required by Sections 5711.01 to 5711.36, inclusive, of the Revised Code, to list therein. C l # * *
“If any taxpayer does so fail, the assessor shall add to the assessment of each class or item of taxable property which the taxpayer failed to return, list or disclose in addition to the penalties provided by law, an additional charge at the rate of one-half of one per cent per month from the date such property should have been returned or disclosed until the same is assessed, provided that said additional charge shall not be added to an assessment for any period of time in excess of ten years previous to the date of the assessment.”
Applying such statute from its effective date, the Tax Commissioner added a charge of five and one-half per cent for the tax years 1956 and 1957, being for 11 full months to the date of the assessment made herein, and a charge of two per cent for the year 1958, representing four full months from the date the returns should have been filed to the date of the assessment. Both Shoup and the Board of Tax Appeals took the position that the statute as applied by the Tax Commissioner to the 1956 and 1957 returns operates retroactively in violation of the Constitution of Ohio, and that the action of the Tax Commissioner in this respect was erroneous and unlawful. On the other hand, the Tax Commissioner urges that Shoup was always under the duty to file its tax returns in accordance with statutory requirements, that the failure to file the returns was a continuing violation, and that he did not employ the statute retroactively but in the way it was intended, namely, as a new remedy to enforce a right of the state already existing. In sup *483 port of Ms position, he cites and relies on the cases of Gager, Treas., v. Trout, 48 Ohio St., 89, 26 N. E., 1013; and Rairden v. Holden, Admr., 15 Ohio St., 207.
In our opinion, the Board of Tax Appeals was right. By imposing the additional described charges for omissions of Shoup, which occurred prior to the 1957 amendment of Section 5711.27, Bevised Code, the commissioner imposed a penalty retroactively, which is not permissible.
Therefore, the decision of the Board of Tax Appeals is affirmed in all respects.

Decision affirmed.

Badcliee, Tart, Matthias, Herbert and O’Neill, JJ,, concur.